**John W. KLUGE, Plaintiff,**

v.

**William D. FUGAZY, Sr., Fugazy Continental Corp., Travelco Inc., Fugazy International Corp., and Fugazy Travel & Incentive Corp., Defendants.**

**No. 89 Civ. 5927 (RPP).**

United States District Court,
S.D. New York.

June 27, 1990.

Martin I. Shelton, David G. Ebert, Shea & Gould, New York City, for plaintiff.

Anthony Princi, Anderson, Kill, Olick & Oshinsky, P.C., New York City, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff John W. Kluge (Kluge) moves for summary judgment, pursuant to Federal Rule of Civil Procedure 56, in this action seeking recovery on an indemnification agreement executed in his favor by individual defendant William D. Fugazy (Fugazy) on behalf of himself and the corporate defendants, all of which are owned by Fuga-

zy. Defendants concede that said indemnification agreement was properly executed by letter dated October 19, 1984, and was confirmed and restated by letter dated March 21, 1985. See Ex. B and Ex. D to Kluge Aff. (Nov. 8, 1989). However, defendants contend that plaintiff is not entitled to recovery under that indemnification agreement, because there was another corresponding and superseding indemnification agreement running in the opposite direction. This additional agreement, in which Kluge purportedly agrees to indemnify defendants, is embodied in a document dated March 4, 1985 and allegedly signed by Kluge after March 21, 1985.

Plaintiff responds that defendants' contention that there is an agreement dated March 4, 1985 does not raise a genuine issue of material fact because (1) plaintiff never signed the document dated March 4, 1985; and (2) the contents of the agreement do not provide for the plaintiff to indemnify the corporate defendants for all moneys which they owe under the other indemnification agreement.[1] The Court finds that plaintiff's submissions have failed to dispense with all genuine issues of material fact.

Kluge's affidavit states that he never signed the agreement. Kluge Aff. at 5, ¶ 14. Fugazy's affidavit states that he wrote up the letter agreement dated March 4, 1985 and that plaintiff signed the document twice following the March 21, 1985 takeover of Fugazy's Fugazy Express, Inc. by Kluge's Metromedia, Inc. Fugazy Aff. at 3, ¶ 7. Fugazy claims Kluge signed the document "John" the first time. Fugazy then consulted his attorney Albert Lian, Esq. to inquire whether a signature by first name was sufficient. Upon Mr. Lian's advice, Fugazy then had Kluge sign his full name to a copy of the document dated March 4, 1985.[2] To resolve the issues of fact created by these conflicting affidavits, plaintiff challenges the authenticity of the

---

1. At oral argument, counsel for plaintiff informed the Court that he is only seeking summary judgment with respect to the corporate defendants. Tr. at 8 (December 19, 1989).

2. Plaintiff has not contended on this motion that signing only the first name would render the signature inadequate. Instead he claims that he never signed any such letter.

signatures on the photocopies of the document provided by defendants.

Originals of the document dated March 4, 1985 are unavailable and defendants have presented the Court with three different photocopies of the March 4, 1985 document. Two of the photocopies contain the full name signature of plaintiff and were allegedly received through the mail by Fugazy from anonymous sources. The third photocopy is signed "John" and comes from the files of Albert Lian, Esq. On March 30, 1990, plaintiff submitted affidavits from two handwriting experts stating that transparent overlay tests show that the two photocopies received from anonymous sources are not authentic. The experts reached no conclusions with regards to the photocopy supplied by Mr. Lian and issues of fact still exist as to the authenticity of the photocopy of the document dated March 4, 1985 supplied by Mr. Lian. Defendants have submitted a statement of an expert that the signatures of Kluge are genuine. Ex. D to Fugazy Aff.

On the issue of authenticity, plaintiff has also submitted a decision on a motion to stay the enforcement of a judgment in the case of *Metromedia Co. v. Fugazy*, No. 00047/88 (N.Y.Sup.Ct. March 22, 1990). The New York Supreme Court found on that motion that the testimony of two experts who testified that all three letters were not authentic was more credible than the testimony of two other experts who testified that all three documents were authentic. The decision which denied the motion to stay is now under appeal. It was issued before the transparent overlay tests were conducted which served as the basis for the expert affidavits submitted by plaintiff in this case.

Plaintiff has failed to present any authority that the decision on the motion to stay enforcement of a judgment has collateral estoppel effect or res judicata effect in this action. Instead, plaintiff argues that the Court should accept the state court decision as additional evidence in support of the conclusions reached in the expert affidavits based on the transparent overlay tests. However, the expert affidavits and the accompanying transparent overlay tests only reach conclusions with regard to the two documents with full name signatures. The plaintiff has failed to present the Court with any expert evidence that the "John" signature on the document from Mr. Lian's file is unauthentic. It seems odd that plaintiff would fail to pursue a collateral estoppel argument with reference to the state court decision *and* fail to present this Court with expert evidence on the authenticity of the "John" signature. The Court has doubts about whether there is conclusive expert evidence that the "John" signature is unauthentic. Although the state court decision purports to have found credible evidence that the document from Mr. Lian's file contains a forged "John" signature, the Court does not know if that evidence is conclusive on this summary judgment motion in light of the conflicting statements, submitted by defendants, from Fugazy and his expert. It is also not clear to what extent the state court considered the authenticity of the document from Mr. Lian's files. Indeed, the state court did not receive testimony from Mr. Fugazy and Mr. Lian, which was offered by defendant on the issue of the authenticity of the document from Mr. Lian's file. Cooper Aff. at 7, ¶ 9. Accordingly, the Court finds that there are genuine issues of fact material to whether the copy found in Mr. Lian's file is authentic and to whether the March 4, 1985 document was ever signed by plaintiff.

Plaintiff's second argument fails to eliminate all issues of fact under the rule that summary judgment must be denied when the meaning of a contract is not clear or when there is any material ambiguity. *See Record Club of America, Inc v. United Artists Records, Inc.*, 890 F.2d 1264, 1270–71 (2d Cir.1989) (quoting *Bank of America National Trust & Savings Association v. Gillaizeau*, 766 F.2d 709, 715 (2d Cir.1985)); *Leberman v. John Blair & Co.*, 880 F.2d 1555, 1559 (2d Cir.1989) (terms of agreement must be " 'wholly unambiguous' " to grant summary judgment in contract action) (quoting *Wards Co. v. Stamford Ridgeway Associates*, 761 F.2d 117, 120 (2d Cir.1985)); *Schering Corp. v. Home Insur-*

*ance Co.*, 712 F.2d 4, 9 (2d Cir.1983). The agreement states in pertinent part:

> As discussed, you agree to hold me harmless from all outstanding guarantees that will remain in effect after the sale to Metromedia. I am referring specifically to ones that Stu and Ira have been difficult with. I certainly understand your reluctance to overrule them again, as you did in February. I promise I will not tell them of this agreement. The outstanding claims and guarantees refer specifically to State and Federal taxes that are currently being settled, as well as, overdue loans from Jersey banks and Citibank. The Citibank loans involve Continental, for which you are also contingently liable, Travelco, Express, as well as the Security Group's put, which we both feel can be settled at little cost. I do agree to permit Stu and the other Metromedia executives to make all decisions, and not give them a bad time. I do hope, however, that these matters would be intelligently discussed.

Ex. B to Fugazy Aff.

The agreement provides for indemnification of "me." Plaintiff argues that "me" encompasses only individual defendant Fugazy and excludes the corporate defendants, which are owned by Fugazy. Plaintiff offers no affidavits based upon personal knowledge of the intentions of the parties to the agreement, but relies on his counsel's interpretation of the plain language, as well as statements made by Fugazy in court papers in other cases which neglect to contend that the agreement indemnifies Fugazy's corporate identities. Fugazy responds by swearing in an affidavit that both he and Kluge signed the agreement with the intention to "hold me and the companies that I directly or indirectly owned that were jointly liable on certain claims and/or obligations harmless." Fugazy Aff. at 6, ¶ 5.

Although plaintiff's counsel's reading of the agreement is plausible, his submissions have failed to establish the meaning of the terms sufficiently to support a grant of summary judgment. The references to the guaranteed taxes and loans are confusing and would appear to be corporate obligations. These references have not been addressed by the evidence submitted. It will be necessary to hear testimony explaining the reference to "outstanding claims and guarantees" before a determination can be made on the scope of the agreement.

### Conclusion

The Court denies plaintiff's motion for summary judgment, because there are genuine issues of fact material to: (1) whether plaintiff signed the agreement dated March 4, 1985, and (2) the scope of the ambiguous contents of the agreement dated March 4, 1985.

Counsel are to attend a pretrial conference at 9:00 A.M. on July 10, 1990.

IT IS SO ORDERED.